### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-

JENNIFER FOWLER, on behalf of herself
and all other plaintiffs similarly situated,
known and unknown

      Plaintiff,

v.

DENNEY TRANSPORT, LTD., a Colorado
limited liability company,

                                 ***JURY DEMAND***

      Defendants.

---

### COMPLAINT

---

NOW COMES Plaintiff, **JENNIFER FOWLER,** ("Plaintiff"), on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for her Complaint against Defendant, DENNEY TRANSPORT, LTD ( "Defendant" or "Denney"), states as follows:

**I.**    <u>**NATURE OF ACTION**</u>

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq* ("COMPS") and the Colorado Wage Act, C.R.S. § 8-4-101, *et seq* ("CWA"). Plaintiff also alleges an individual claim under the CWA due to Denney's failure to tender final wages for work performed on May 28, 2023.

## II.     **JURISDICTION AND VENUE**

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C.

§§ 206-207, and for the supplemental Colorado statutory claims, pursuant to 28 U.S.C. §1367.

3.      Venue lies in the District of Colorado in that during all times relevant to the

employment relationship, Plaintiff performed work in this district and is a resident of this district

and Defendant is or was engaged in business in this district.

## III.     **THE PARTIES**

4.      Defendant, DENNEY TRANSRPOT, LTD. ("Denney"), is a Colorado limited

liability company that owns and operates trucking company that specializes in delivery of

refrigerated cargo. Denney operates throughout the state of Colorado. Denney also maintains

offices in Omaha, Nebraska and Riverside, California.

5.      Denney's primary business address in Colorado is 5000 E. 74th Ave.in Commerce

City, Colorado.

6.      Denney  is an "enterprise" engaged in commerce or in the production of goods for

commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information

and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount

required by 29 U.S.C. §203(s)(1)(A)(ii).

7.      Denney ordered, used and handled goods and materials and other products which

moved in interstate commerce prior to being used or purchased in Colorado.

8.      During all relevant times, Denney was acting directly or indirectly in the interest of

the employer in relation to the employee Plaintiff and therefore, as defined under both the federal

and state statutes relied upon, is an "employer."

9.      Denney, through its director(s) and executive-level managers, oversaw all operations of its business, including business strategy and daily operations, and were responsible for assigning tasks, creating and distributing schedules, staff supervision, wage policies and otherwise oversaw all aspects of business operations and interactions with employees and customers.

10.     Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Denney and in turn, Denney responded to those communications with the authority described herein.

11.     Plaintiff JENNIFER FOWLER is a former employee of Denney. Plaintiff was employed by Denney from approximately March 9, 2020 to June 2, 2023. From approximately June 2020 to June 2, 2023, Plaintiff was employed by Denney as a phone representative ("PR").[1]

12.     While working for Denney as a phone representative, Plaintiff was paid a set weekly salary.

13.     Plaintiff was paid via salary, which served as compensation for all hours worked each week, including those over 40 in individual work weeks.

14.     As a salaried employee, Plaintiff did not receive overtime premiums of one and one-half times her regular rate of pay for hours worked over 40 in individual work weeks.

15.     As a phone representative, Plaintiff did not exercise independent discretion or judgment on matters of significance, manage two (2) or more full time employees or direct Denney's overall strategic business operations.

---

[1] Plaintiff's role as a phone representative did not have a formal title assigned by Denney. As such, any further reference to Plaintiff's job title, including the "PR" designation used herein, is based upon Plaintiff's assessment of a title for a comparable role based on her day-to-day job duties.

16.     During Plaintiff's employment with Denney, Plaintiff spent almost all of her working time performing non-exempt secretarial-type office work, which included: answering phone calls from Denney's over-the-road drivers, relaying route information to drivers, answering general questions from drivers and customers, arranging service and roadside requests after reported mechanical breakdowns, and connecting drivers to other Denney employees or departments.

17.     While employed by Denney as a phone representative, Plaintiff was required to be "on-call" at all times from Friday at 9:00 p.m. to Sunday at 9:30 p.m. All calls Plaintiff received from Denney's drivers or other persons were routed by Denney to Plaintiff's personal cell phone.

18.     Plaintiff was required to either be stationed at her home office phone or otherwise carry her cell phone with her at all times during her on-call shifts. Plaintiff was required to answer any and all phone calls routed to her cell phone during her on-call shift, including calls received after regular business hours, during meals, sleep hours, or other activities.

19.     Plaintiff's duties did not require exercise of independent discretion and judgment.

20.     Plaintiff participated and engaged in essential manual job duties and tasks on a daily basis that directly related and contributed to Denney's primary business of providing transportation and trucking services to customers. These tasks performed by Plaintiff:

a)      were not directly related to management or general business operations;

b)      did not include the primary duty of discretion and independent judgment on matters of significance, and;

c)      required Plaintiff to work in excess of 40 hours per week without receiving time and one-half compensation for those hours in excess of 40 in a workweek.

21.     As such, Plaintiff was at all times misclassified as a salary-exempt employee. Denney should have at all times compensated Plaintiff as an hourly employee entitled to overtime premiums for hours worked over 40 in individual work weeks.

22.     Throughout all times pertinent to Plaintiff's claims herein, Denney applied a common policy as to Plaintiff and other employees at its Colorado location, in that Denney failed to compensate employees all earned overtime wages by implementing allegedly improper salary exemption(s) which resulted in non-payment of overtime wages.

23.     Additionally, throughout all times pertinent to Plaintiff's claims herein, Denney applied common policies, developed by Denney's owners and managers, that were embedded in its management policies and procedures relative to Plaintiff and other employees.

24.     As a result of the common policies described above, Plaintiff and members of the Plaintiff Class were improperly denied overtime pay for work in excess of 40 hours in a work week.

25.     Common questions of law exist among the claims of Plaintiff and members of the Plaintiff Class in that each claims rests upon a challenge of Denney's claimed pay practices, exception(s) or exemption(s) to federal and state wage laws.

26.     All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present salaried employees who were paid on a salary basis and did not receive overtime premiums for hours worked in excess of 40 in a workweek as described herein.

27.     As an employee(s) performing duties for an enterprise engaged in commerce, the Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the

FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

28.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq*., to recover unpaid overtime wages and additional damages. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Colorado Overtime and Minimum Pay Standards Order, #38

29.    Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

### Colorado Wage Act

30.    Pursuant to the Colorado Wage Act, §8-4-101, *et seq*., C.R.S., Count V of this action is Plaintiff to recover earned, vested and determinable unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CWA are proper for certification under Federal Rule of Civil Procedure 23.

## V.    <u>FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS</u>

31.    Plaintiff, at all times pertinent to the cause of action, was employed by Denney. From approximately June 2020 to June 2, 2023, Plaintiff was employed by Denney as a PR.

32.    Plaintiff's employment as PR was integral and indispensable to Denney's business, as without the work performed by Plaintiff, Denney would be unable to run its business properly or competently.

33.    In approximately March 2020, Plaintiff was hired by Denney as a mechanic. In approximately June 2020, Plaintiff was moved to the PR position.

34.    As a PR, Plaintiff worked from her home office. Plaintiff worked almost exclusively from her home office from June 2020 until her separation from Denney in June 2023, except for a 6-month period in 2022 where Plaintiff worked at Denney's office facility in Commerce City on Saturdays from approximately 6:00 a.m. to 2:30 p.m.

35.    As a PR, Plaintiff was classified as a salary-exempt employee.

36.    As an exempt PR, Plaintiff was paid approximately $798 per week.

37.    Plaintiff did not clock in and out at the beginning and end of each shift, as she was not required to do so by Denney. Denney did not have Plaintiff clock in and out because of the purported salary exemption claimed by Denney.

38.    Plaintiff's weekly schedule was a continuous, on-call schedule that lasted each week starting at Friday at 9:00 p.m. and ending Sunday at 9:30 p.m. Denney required Plaintiff to be on-call and available at all times between those 48.5 hours.

39.    As a PR Plaintiff typically worked at least 48.5 hours per week.

40.    During Plaintiff's weekly on-call shifts, Plaintiff was required to answer any and

all calls that were routed to her cell phone at any and all times within the shift.

41.    After answering a call, Plaintiff was then required to complete any follow-up calls, work and assignments necessary to satisfy the reason for the call. While on-call, Plaintiff also completed other secretarial tasks and duties that did not result from phone calls.

42.    Plaintiff was engaged with phone calls at all times during her on-call shifts. Because Denney's trucking operations ran 24 hours a day, seven days a week, Plaintiff was required to answer calls and complete all follow-up work at all hours of the day and night within her on-call shift.

43.    Except where Plaintiff worked some of her shift at Denney's facility for a period of time in 2022, Plaintiff worked her entire shift in her home office with her phone and company-issued computer.

44.    During her on-call shifts, Plaintiff was at all times engaged in wait in her home office. Plaintiff was required by Denney to be on duty and available at all times during her on-call shift.

45.    While Plaintiff was on-call, she rarely, if at all, was completely relieved from duty. Plaintiff was unable to use time between service calls and related work effectively for her own personal purposes.

46.    At all times during her on-call shifts, Plaintiff was tethered to Denney and work assigned to her by Denney.

47.    Plaintiff's job duties as a PR included exclusively secretarial duties, including answering phone calls, writing emails, completing basic data entry tasks, and the like.

48.    Plaintiff had no input or responsibilities related to ordering material, hiring/firing

staff, scheduling staff, etc. Each of these functions were handled by Denney and its management employees in Colorado and other offices.

49.     As a PR, Plaintiff was unable to, and did not, provide input on personnel decisions, including hiring, firing, discipline and compensation related to other employees based on their performance or any other factor.

50.     All discipline and other personnel decisions related to other employees were handled by Denney and its management employees.

51.     Further, as PR, Plaintiff had no input and made no contributions to performance evaluations of PRs or any other employees. Those functions were handled by Denney and its management employees.

52.     As PR, Plaintiff did not directly manage any other employees.

53.     During Plaintiff's employment with Denney as a PR, Plaintiff was compensated on a salary basis. As such, Plaintiff did not receive overtime premiums of one and one-half her hourly rate of pay for hours worked over 40.

54.     Over the course of Plaintiff's entire employment as a PR with Denney, she did not receive overtime premiums. When Plaintiff inquired with Denney as to why she did not receive overtime for hours worked over 40, Denney advised Plaintiff that they were not legally required to pay overtime unless and until Plaintiff worked at least 50 hours.

55.     While Plaintiff worked as a salaried employee, her day-to-day job duties were:

        a)      not directly related to management or general business operations;

        b)      did not include the primary duty of discretion and independent judgment on matters of significance, and;

c)      required Plaintiff to work in excess of 40 hours per week without receiving time and one-half compensation for those hours in excess of 40 in individual workweeks.

56.    As a result, Plaintiff was misclassified by Denney as a salary-exempt employee.

57.    During Plaintiff's employment as a PR, she should have been classified as a non-exempt hourly employee and paid overtime premiums for all hours worked over 40 in individual work weeks.

58.    Plaintiff and members of the Plaintiff Class worked or work in excess of forty (40) hours in a workweek without pay for hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

59.    Denney willfully employed Plaintiff and members of the Plaintiff Class without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

60.    The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Denney, in that Denney recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Denney lacks the records required by 29 CFR Part 516, Plaintiff and members of the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

61.    The non-compliant practices as alleged herein are common to Plaintiff and all other similarly situated employees.

62.     During her entire employment with Denney as a PR, Plaintiff, and members of the Plaintiff Class were denied overtime pay as a result of the practices alleged herein.

63.     Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

64.     Plaintiff and members of the Plaintiff Class were not exempt from the overtime provisions of the FLSA or COMPS.

65.     Likewise, Plaintiff and members of the Plaintiff Class were entitled to the wage protections afforded by the CWA, which applies to timely payment of earned overtime wages.

66.     As such, Plaintiff and similarly situated employees were and are entitled to overtime premiums of time and one-half their hourly rates of pay for hours worked over 40 in individual work weeks.

67.     The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by Denney and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## VI.    FACTUAL ALLEGATIONS RELEVANT TO COUNT V

1-67.   Paragraphs 1 through 67 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 67 of this Count I.

68.     As stated above, Plaintiff worked on-call shifts between Friday at 9:00 p.m. to Sunday at 9:30 p.m., which consisted of 48.5 consecutive hours of work. Plaintiff was paid a

weekly salary of $798 per week for all hours worked.

69.     As also stated above, Plaintiff was terminated by Denney on June 2, 2023.

70.     Plaintiff's last full workday for Denney was May 28, 2023.

71.     Plaintiff worked her full shift between May 26, 2023 and May 28, 2023, for which she was owed $798 of wages.

72.     However, when Plaintiff received her final paycheck from Denney, Denney failed to include wages for Plaintiff's work on May 28, 2023. Denney failed to compensate Plaintiff approximately $354 in earned wages.

73.     Plaintiff inquired with Denney regarding the unpaid wages from her workday on May 28, 2023 but did not receive an explanation or response.

74.     Denney is wrongfully withholding Plaintiff's pay for work performed on May 28, 2023.

75.     Denney has been on notice of unpaid and withheld compensation due to Plaintiff since late mid-June 2023, but has failed to tender said compensation.

76.     According to the CWA, when an employee quits or resigns their position, wages (which, per the CWA's definition of "wages" and "compensation", include accrued, unused PTO and bonuses or commissions earned based on agreement between an employer and employee)[2] "become due and payable upon the next regular payday." CWA, C.R.S. §8-4-109(b).

77.     Upon Plaintiff's separation of employment from Denney, Denney failed to tender Plaintiff's wages earned on May 298, 2023 within the next regular pay day.

---

[2] See CWA, C.R.S. 8-4-101(14)(a)(II)-(III)

78.    Plaintiff is owed additional compensation that has been improperly withheld by Denney, as well as additional damages available by law.

79.    Plaintiff hereby demands payment by Denney of $354 in satisfaction of Plaintiff's earned compensation that remains due within fourteen (14) days of Denney's receipt of service of this Complaint.

80.    This Complaint serves as a proper and recognized written demand for earned, vested compensation under the CWA, C.R.S. §8-4-109(3)(a). Plaintiff's earned, vested but unpaid compensation may be tendered to undersigned counsel.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-80.    Paragraphs 1 through 80 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 80 of this Count I.

81.    Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

82.    Defendant was and is an "employer" pursuant to 29 U.S.C. §203(d).

83.    Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

84.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

85.     Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and

**(d)**     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-85.     Paragraphs 1 through 85 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 85 of Count II.

86.     Denney's actions as complained above were done with Denney's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

87.     Through legal counsel as well as industry experience and custom, and the extraordinary resources available to Denney, Denney possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either

failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

88.     Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-88.     Paragraphs 1 through 88 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 88 of Count III.

89.     In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

90.     Through legal counsel as well as industry experience and custom, and the extraordinary resources available to Denney, Denney possessed ample access to the regulations

and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

91.   Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)   liquidated damages equal to the amount of all unpaid compensation;

(b)   Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)   such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO OVERTIME
### AND MINIMUM PAY STANDARDS ORDER, #38

1-91.   Paragraphs 1 through 91 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 91 of this Count IV.

92.   As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*.

93.   Plaintiff, and members of the Plaintiff Class, were each an "employee" under COMPS 7 CCR 1103-1.5(A) and were not exempt from the minimum or overtime wage

provisions of COMPS 7 CCR 1103-3.1, 4.1.

94.     Defendant was and is an "employer" as defined by COMPS 7 CCR 1103-1.6(A).

95.     Under COMPS 7 CCR 1103-4.1, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

96.     Defendant's failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of COMPS 7 CCR 1103-4.1.

97.     COMPS 7 CCR 1103-8.1(A) provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid balance of the full amount of overtime wages due and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Colorado Overtime and Minimum Payment Standards Order, #38; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO WAGE ACT

1-97.    Paragraphs 1 through 97 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 97 of this Count V.

98.    As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Colorado Wage Act, C.R.S. §8-4-101, *et seq.*

99.    The CWA defines wages as "[a]ll amounts for labor or service performed by employees", regardless of whether "the amount is fixed or ascertained by the standard of time". Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable". CWA, C.R.S. §8-4-101(14(a)(I)-(III).

100.    Plaintiff, and members of the Plaintiff Class, were each an "employee" under CWA, C.R.S. §8-104-101(5) and were not exempt from the CWA's protections.

101.    Defendant was and is an "employer" as defined by CWA, C.R.S. §8-104-101(6) and was not exempt from compliance with the CWA.

102.    Pursuant to CWA, C.R.S. §8-4-101(14)(a)(II)-(III), Plaintiff and members of the Plaintiff Class, who were misclassified as exempt employees, worked hours in excess of 40 in individual work weeks which required pay at time and on-half their regular hourly rates of pay.

103.    Once Plaintiff and members of the Plaintiff Class worked hours over 40 in individual work weeks, they earned overtime compensation, although it was not paid. As such, the overtime premiums for which Plaintiff and members of the Plaintiff Class were not paid were and are "wages" as defined by the CWA, and therefore subject to the requirements of the CWA.

104.    Plaintiff and members of the Plaintiff Class did not receive overtime premiums of

one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks.

105.     Pursuant to CWA, C.R.S. §8-4-109(3)(b), if an employer fails to pay an employee their earned, vested and determinable wages as set forth by the CWA within fourteen (14) days of service of a written demand, the employee is entitled to a penalty of a) 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due.

106.     Plaintiff's Complaint herein serves as a valid written demand under the CWA, C.R.S. §8-4-101(15) and -109(3)(a) for unpaid overtime wages on behalf of herself and members of the Plaintiff Class .

107.     Should Denney fail to tender the demanded compensation in the amounts due to Plaintiff and members of the Plaintiff Class pursuant to the CWA within fourteen (14) days, Plaintiff and members of the Plaintiff Class will be entitled to recover penalties described by to CWA, C.R.S. §8-4-109(3)(b) and (c).

108.     Pursuant to CWA, C.R.S. §8-4-109(3)(c), if the employee can prove that the employer's failure to pay wages due under the Act, each of the penalties set forth under CWA, C.R.S. §8-4-109(3)(b) shall increase by 50%.

109.     Denney's failure and refusal to pay earned overtime wages, as demanded in writing herein within the fourteen (14) day period described by the CWA, C.R.S. §8-4-109(3)(a.5), was willful and in bad faith.

110.     Plaintiff and members of the Plaintiff Class are owed all earned, unpaid overtime wages and statutory penalties, including increased penalties for willful violations of the CWA.

111.    Per CWA, C.R.S. §8-4-110, Plaintiff and members of the Plaintiff Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    unpaid, earned and vested overtime wages;

(b)    statutory penalties of 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due;

(c)    additional statutory penalties of 50% on top of the penalties prescribed by CWA, §8-4-109(3)(b) for AML's willful violation of the CWA;

(d)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violations of the Colorado Wage Act; and

(f)    such additional relief the Court deems appropriate under the circumstances.

## COUNT VI

## JENNIFER FOWLER, INDIVIDUALLY V. DENNEY TRANSPORT, LTD.

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO WAGE ACT

1-111.    Paragraphs 1 through 111 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 111 of this Count VI.

112.    As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Colorado Wage Act, C.R.S. §8-4-101, *et seq*.

113.    The CWA defines wages as " [a]ll amounts for labor or service performed by employees", regardless of whether "the amount is fixed or ascertained by the standard of time" including "bonuses or commissions earned for labor or services performed in accordance with the

terms of any agreement between the employer and employee" and "vacation pay earned in accordance with the terms of any agreement. Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable". CWA, C.R.S. §8-4-101(14(a)(I)-(III).

114.    Plaintiff was an "employee" under CWA, C.R.S. §8-104-101(5) and was not exempt from the CWA's protections.

115.    Defendant was and is an "employer" as defined by CWA, C.R.S. §8-104-101(6) and was not exempt from compliance with the CWA.

116.    Pursuant to CWA, 8-4-101(14)(a)(II)-(III), Plaintiff's wages for hours worked on May 28, 2023 were and are "wages" as defined by the Act, and therefore subject to the requirements of the CWA. Plaintiff's wages earned on May 28, 2023 but not paid were earned and had vested based on the agreement between the employee and employer and as such were covered by the CWA.

117.    Plaintiff's wages earned on May 28, 2023 were vested and determinable based on Denney's corporate policies and other agreements between the Parties.

118.    Pursuant to CWA, C.R.S. §8-4-109(b), when an employee quits or resigns their position, wages become due and payable upon the next regular payday.

119.    Plaintiff did not receive her wages earned on May 28, 2023 within the next regular payday following her termination from Denney, despite no written policy to the contrary.

120.    Pursuant to CWA, C.R.S. §8-4-109(3)(b), if an employer fails to pay an employee their earned, vested and determinable wages as set forth by the CWA within fourteen (14) days of service of a written demand, the employee is entitled to a penalty of a) 125% of the amount of

wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due.

121.    Plaintiff's Complaint herein serves as a valid written demand under the CWA, C.R.S. §8-4-101(15) and -109(3)(a). Should Denney fail to tender the demanded compensation in the amount of $354 due to Plaintiff pursuant to the CWA within fourteen (14) days, Plaintiff will be entitled to recover penalties described by to CWA, C.R.S. §8-4-109(3)(b) and (c).

122.    Pursuant to CWA, C.R.S. §8-4-109(3)(c), if the employee can prove that the employer's failure to pay wages due under the Act, each of the penalties set forth under CWA, C.R.S. §8-4-109(3)(b) shall increase by 50%.

123.    Denney's failure and refusal to pay Plaintiff's earned, vested and determinable wages from her shift on May 28, 2023, as demanded in writing herein within the fourteen (14) day period described by the CWA, C.R.S. §8-4-109(3)(a.5), was willful and in bad faith.

124.    Plaintiff is owed all unpaid wages and statutory damages, including increased penalties for a willful violation of the CWA.

125.    Per the CWA, C.R.S. §8-4-110, Plaintiff is entitled to attorneys' fees and costs incurred prosecuting her claims under the CWA.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order awarding:

(a)    unpaid earned, vested, determinable and accrued wages;

(b)    statutory penalties of 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due;

(c)    additional statutory penalties of 50% on top of the penalties prescribed by CWA, §8-4-109(3)(b) for Sam's Club's willful violation of the CWA;

(d)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of

Defendants' violation of the Colorado Wage Act; and

(e)     such additional relief the Court deems appropriate under the circumstances.


Respectfully submitted,

***Electronically Filed 06/21/2023***

/s/ Samuel D. Engelson
Samuel D. Engelson
Colorado Bar No: 57295

John William Billhorn
Attorneys for Plaintiff, and those similarly
situated, known and unknown

BILLHORN LAW FIRM
7900 E. Union Ave., Suite 1100
Denver, Colorado 80237
(720)-386-9006
53 W. Jackson Blvd., Suite 1137
Chicago, Illinois 60604
(312)-853-1450